Sam J. Rosinoff v. Commissioner.
Rosinoff v. Commissioner
Docket No. 87035.
United States Tax Court
T.C. Memo 1962-133; 1962 Tax Ct. Memo LEXIS 177; 21 T.C.M. (CCH) 708; T.C.M. (RIA) 62133; May 31, 1962
*177 Sam J. Rosinoff, pro se, 1127 Nameoke St., Far Rockaway, N.Y., Robert D. Whoriskey, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $291.52 in petitioner's income tax for the year 1956. The issues raised by the petition are whether petitioner has incurred any expenses and whether such expenses, if any, are deductible for Federal income tax purposes. Findings of Fact Some of the facts are stipulated. The stipulated facts are hereby found. Petitioner, Sam J. Rosinoff, is an individual, presently residing at 1127 Nameoke Street, Far Rockaway, New York. Petitioner timely filed a joint Federal income tax return with his wife, Helen G. Rosinoff, for the taxable year 1956 with the district director of internal revenue, Baltimore, Maryland. On March 11, 1960, respondent duly issued a notice of deficiency to petitioner and his wife, Helen G. Rosinoff, together with a statement setting forth the tax liability of petitioner and his wife for the taxable year ended December 31, 1956. The statutory notice of deficiency disallowed all of the itemized deductions claimed by petitioner and his wife *178 on their 1956 return and in lieu thereof allowed the standard deduction. Helen G. Rosinoff did not join petitioner in filing a petition to the Tax Court. Petitioner has not unduly delayed any conference held before the regional counsel's office of the Internal Revenue Service. Petitioner was born on February 24, 1915. Petitioner's wife was born on October 9, 1914. Opinion The stipulation of facts and petitioner's income tax return for the year in issue, which is the only record we have, are wholly insufficient to support the burden of proof imposed upon petitioner of showing the incorrectness of respondent's determination. No other evidence was introduced. And, while the petition also contains a claim of overpayment for another year, it seems evident that jurisdiction to deal with that assignment of error is lacking. Accordingly, respondent's motion for judgment made at the close of petitioner's case was granted from the bench. Decision will be entered for the respondent.